**ISABEL G. PALAS, Plaintiff**

v.

**MONICO PALAS, Defendant**

Civil No. 110-A

District Court of Guam

Appellate Division

September 24, 1975

Before CURTIS, HEFNER and WILLIAMS, *Judges*

PER CURIAM

### OPINION

This is an appeal by plaintiff, Isabel G. Palas, from a judgment in a divorce action dividing the property of the parties.

The background facts may be briefly stated. The parties commenced living together, without the benefit of marriage, in 1961. In 1966 plaintiff-appellant entered into an installment contract to purchase a piece of property in Finegayan, NCS, Guam, designated as Block 1, Lot 2, Dededo, Guam. Shortly thereafter, defendant-appellee and relatives of appellant built a home on the property and the parties moved in and resided there until their separation

414

in 1972. The parties were married in 1967. Although the title to said property was actually obtained in the maiden name of appellant, appellee contributed approximately one-half of the purchase price. Subsequent to the marriage, the parties entered into an installment contract to purchase Lot 1, Block 3, Tract 172, Mogfog, Dededo, and the full purchase price has not yet been paid.

The trial court, after hearing the evidence presented on behalf of the respective parties, granted appellant a divorce and awarded all of Lot 1, Block 3, Tract 172, Mogfog, Dededo, to the appellee and all of Finegayan, NCS, Guam, designated as Block 1, Lot 2, Dededo, Guam, to appellant.

On appeal appellant contends the trial court's division of the property was error since the NCS property is her sole and separate property to which she is entitled as a matter of right, and that the Mogfog property should be divided equally between the parties in accordance with § 146(2) of the Civil Code of Guam.

Although the trial court did not specifically find the NCS property to be community property, it did hold, because of the manner in which it was acquired, it should be distributed in accordance with the same principles as community property.

Appellant's contention that she is entitled to the NCS property as a matter of right must fail since all property of the parties to a divorce action, whether community or separate, is subject to the jurisdiction of the court. *Worthington v. Worthington* (1968), 440 P.2d 478.

The ultimate question in such cases is whether the final division of the property is just and equitable and only a clear abuse of discretion will warrant this court's substituting its judgment for that of the trial court in a divorce proceeding property division. *Kennedy v. Kennedy* (1969), 452 P.2d 243. We find no abuse of discretion by the

415

trial court and therefore the judgment appealed from is hereby affirmed.